MICHAEL J. FIORITO, JR. and BARBARA J. FIORITO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fiorito v. Commissioner
Docket No. 1541-79.
United States Tax Court
T.C. Memo 1981-576; 1981 Tax Ct. Memo LEXIS 178; 42 T.C.M. (CCH) 1328; T.C.M. (RIA) 81576; September 30, 1981. Michael J. FioRito, Jr., pro se. David D. Baier, for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency of $ 1,303.50 in petitioners' 1977 Federal income tax. The sole issue for decision is whether petitioner Michael J. FioRito, Jr. is liable for the tax imposed on self-employment income under section 1401. [1]
Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners, husband and wife, resided in Elmwood Park, Illinois, when they filed their petition in this case. They filed a timely joint Federal income tax return for 1977. Barbara J. FioRito is a petitioner solely because she filed this joint tax return with her husband. Petitioner Michael J. FioRito, Jr. (hereinafter petitioner) was an insurance salesman. During 1977 petitioner sold life, accident, and health insurance. Petitioner acted as an agent or broker for several *180 different life insurance companies. He fixed his own office hours and vacation times. He was not entitled to sick pay, vacation time or overtime from any comapny. Petitioner paid the rent on his office space. He owned the office assets such as desks, chairs, files, and typewriter. He engaged his own secretary. Petitioner was solely responsible for paying utilities and telephone. No company reimbursed him for any of his expenses. Petitioner could not be held to performing services personally by any insurance company. He could have split commissions with other agents or brokers at any time. No life insurance company placed any restrictions as to the geographical area in which he solicited sales or the particular company for which he solicited. No life insurance company dictated his sales method or production. In 1977 petitioner reported $ 18,730 as commission income from the sale of insurance. His self-employment income, however, is limited to $ 16,500, the contribution and wage base in 1977 for purposes of the self-employment or social security tax. Petitioner reported no self-employment tax on his 1977 return and paid no such tax on the filing of that return. On November 1, 1977, petitioner *181 wrote a letter to the Internal Revenue Service, objecting to social security tax and purporting to renounce any benefits under the social security program. On July 4, 1978, petitioner filed an Application for Exemption from Tax on Self-Employment Income and Waiver of Benefits (Form 4029) with the Internal Revenue Service in Kansas City. This application was rejected. Petitioner is not conscientiously opposed to accepting benefits of private insurance and has life and disability insurance on himself. Petitioner has conceded that he does not fall within any of the statutory exemptions to the self-employment tax. After receiving respondent's notice of deficiency dated November 6, 1978, petitioner timely filed a petition with this Court. At the trial of this case, petitioner attempted to withdraw his petition so he could pay the tax due, file a claim for refund, and then file suit in the United States District Court.The Court advised petitioner that he could not dismiss the action and "oust this Court of jurisdiction." During the course of the trial, petitioner called Sheldon R. Waxman, an attorney, as a witness. Petitioner attempted to show through Mr. Waxman's testimony the *182 general economic and actuarial unsoundness of the social security system. Petitioner offered to prove that the social security system is bankrupt, that he will never collect anything from the system, and therefore that the social security tax is not a tax but an "exaction." The Court excluded this testimony as irrelevant to any issues in this case. The sole issue for decision is whether petitioner is liable for the self-employment tax imposed by section 1401. OPINION Petitioner argues that this Court lacks jurisdiction to hear this case in light of his expressed desire to withdraw his petition, pay the tax due, and file a refund claim in the United States District Court. That contention is plainly incorrect. Section 6512(a) clearly provides that "if the taxpayer files a petition with the Tax Court within the time prescribed… no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court…." ; , affd. . As we said in Dorl, "The mere filing of the petition in the Tax Court *183 is enough to deprive a U.S. District Court of jurisdiction for years as to which the petition was filed." . Furthermore, section 7459(d) expressly provides that "If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary…." Thus, once petitioner filed his petition with this Court, he was required to contest his tax liability in this forum and was precluded from paying the tax and filing suit for refund in the United States District Court. Petitioner argues that the self-employment tax is fundamentally unconstitutional. The law is well settled that the social security system is constitutional. ; ; , cert. denied . More specifically petitioner argues that the exemption provisions of section 1402 infringe upon his freedom of religion. Section 1402(g) (formerly *184 section 1402(h)) generally provides an exemption from the self-employment tax to a member of a recognized religious sect who is an adherent of established teachings or tenets by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of or provides services for medical care. Petitioner does not qualify for the 1402(g) exemption for several reasons. The basic reason is that he is not conscientiously opposed to accepting benefits of private insurance and, in fact, has arranged for life and disability insurance on himself. Petitioner concedes he does not qualify for any of the statutory exemptions but argues the provisions infringe upon his freedom of religion. This Court has considered and rejected this argument on numerous occasions. ; and cases cited in these opinions. Petitioner's core argument is based on the premise that the social security system is economically and actuarially unsound. He *185 made an offer of proof to prove that the social security system is bankrupt and that it would have been impossible for him to ever receive benefits from the social security system. The Court excluded the proffered testimony as irrelevant to any issues before the Court. The testimony was designed to prove that the self-employment or social security tax is not a tax, but an "exaction," a term taken from two Supreme Court cases involving attempts to enjoin collection of certain taxes. [an unsuccessful attempt to enjoin collection of social security taxes]; [a successful effort to enjoin collection of oleomargarine taxes]. Those cases are inapposite. Petitioner may well sincerely believe that the social security system is economically unsound. As we stated in , affd. , cert. denied , "The proper place for a consideration of petitioner's complaint is the halls of Congress, not here." *186 Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year here involved.↩